PEOPLE v TURN

Docket No. 327910. Submitted October 5, 2016, at Detroit. Decided October 11, 2016, at 9:05 a.m. Leave to appeal denied 500 Mich 962.

Dakota L. Turn pleaded guilty in the Lapeer Circuit Court to a charge of assault with intent to commit murder, MCL 750.83, and was sentenced as a third-offense habitual offender, MCL 769.11, to 18½ to 35 years of imprisonment. The court, Nick O. Holowka, J., ordered defendant to pay restitution to the victim of the assault and to the victim's insurer. Included in the restitution ordered was restitution to the victim for loss of the accumulated sick, personal, and vacation time the victim used while recuperating from his injuries. Defendant moved for resentencing and challenged the restitution order. Defendant contended that he should not be ordered to pay the victim for his lost leave time because that type of loss is not listed in the Crime Victim's Rights Act, MCL 780.751 et seq., or the general restitution statute, MCL 769.1a. The court held a restitution hearing and ordered defendant to pay the victim's insurer for the victim's actual medical expenses and the victim for the loss of his jacket. After additional briefing on the issue of the victim's lost leave time, the court ordered defendant to pay the victim for the accumulated leave time the victim had to use before he was able to return to work. Defendant appealed by leave granted.

The Court of Appeals held:

Under Const 1963, art 1, § 24, MCL 780.766, and MCL 769.1a, a crime victim is entitled to full restitution for direct or threatened physical, financial, or emotional harm resulting from a defendant's criminal conduct giving rise to a conviction. In this case, the victim suffered physical and financial injury. Part of the victim's financial injury occurred when he was required to use his accumulated sick, personal, and vacation time while he was recuperating from his injuries and under a doctor's order to refrain from working. Having used 112 hours of his accumulated leave time, the victim was without that leave time to use in the future and was without that leave time for which he was entitled to receive monetary compensation from his employer if the victim ceased working for that employer. Although restitution for the

loss of accumulated leave time is not listed in the Crime Victim's Rights Act or the general restitution statute, its absence from the types of restitution listed in both statutes is not dispositive because the lists appearing in those statutes are nonexhaustive. The victim lost the future use of the leave time he had accumulated, and he lost the opportunity to be paid for that accumulated leave time should he terminate his employment. The trial court properly ordered defendant to pay the victim for the economic value of the victim's lost leave time.

Affirmed.

CRIMINAL LAW — RESTITUTION — LOST INCOME — ACCUMULATED LEAVE TIME.

A crime victim is entitled to restitution for accumulated sick, personal, and vacation time when the victim had to use that time during his or her absence from work while recuperating from injuries suffered as a result of a defendant's criminal conduct; even though the victim was paid by his or her employer for the time used during the victim's recuperation, the accumulated leave time used qualifies as loss of income because the leave time is lost for future use or, when applicable, for monetary compensation from an employer when the victim's employment is terminated (Const 1963, art 1, § 24; MCL 769.1a; MCL 780.766).

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, and *Emil H. Joseph, III*, Prosecuting Attorney, for the people.

*John W. Ujlaky* for defendant.

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM. Defendant, Dakota Lee Turn, appeals by leave granted[1] the trial court's order of restitution following his plea of guilty to a charge of assault with intent to commit murder, MCL 750.83. The trial court sentenced Turn as a third-offense habitual offender, MCL 769.11, to serve 18½ to 35 years in prison for the conviction. Additionally, the court ordered Turn to pay

---

[1] *People v Turn*, unpublished order of the Court of Appeals, entered July 31, 2015 (Docket No. 327910).

restitution to Nathaniel Scramlin, the individual he assaulted, and to Scramlin's insurer. On appeal, Turn challenges the court's authority to order him to pay restitution to Scramlin for his loss of accumulated sick, personal, and vacation time. Because we conclude that the Crime Victim's Rights Act, MCL 780.751 *et seq.*, requires full restitution to crime victims, we affirm.

## I. BASIC FACTS

During the plea hearing, Turn admitted that he stabbed Scramlin several times in the back and side. As a result of Turn's assault, Scramlin was taken to the hospital, received numerous stitches, remained hospitalized for two-and-a-half to three days, and, pursuant to his doctor's orders, was unable to immediately return to work following his release from the hospital.

At sentencing, the trial court ordered Turn to pay $17,744.44 in restitution. Turn moved for resentencing, challenging the propriety of the restitution order. The trial court scheduled a restitution hearing and heard testimony from Scramlin. Following the hearing, the court ordered Turn to pay $7,957.86 to Scramlin's insurer for actual medical expenses and $100 to Scramlin for the loss of his jacket.[2] The court ordered additional briefing and allowed for the submission of additional evidence on the question whether Scramlin was entitled to restitution for the loss of the accumulated sick, personal, and vacation time he used after the assault and, if so, how much he was entitled to receive.

It is undisputed that Scramlin, who was employed by the Michigan Economic Development Corporation

---

[2] This portion of the restitution order has not been challenged on appeal.

as a community assistance specialist, had to use 112 hours of sick, personal, and vacation time in order to recuperate from his injuries. Scramlin was compensated by his employer at an after-tax rate of $19.23 per hour for the leave time he used. Scramlin testified that the time he used was no longer available. He also stated that accumulated leave time was payable by his employer upon termination of employment.

The trial court concluded that Scramlin had only received compensation for his time away from work by depleting his accumulated sick, personal, and vacation time. The court reasoned that the depletion of accumulated time represented a loss to Scramlin, who could not use the time in the future, either for its intended purpose or for monetary compensation upon termination of his employment. The court found that in order to award "full restitution" as required by MCL 780.766(2), Scramlin needed to be compensated for the loss of his accumulated leave time. The court found that the economic benefit of the lost time was $2,153.77.[3]

II. RESTITUTION

A. STANDARD OF REVIEW

Turn argues that the trial court erred by ordering him to reimburse Scramlin for his lost sick, personal, and vacation time. We review for clear error a trial court's factual findings related to an order of restitution. *People v Garrison*, 495 Mich 362, 366-367; 852 NW2d 45 (2014). A factual finding is clearly erroneous

---

[3] The trial court reached this amount by multiplying the number of hours of sick, personal, and vacation time that Scramlin used by his after-tax hourly rate of $19.23. On appeal, Turn has not challenged the amount of restitution awarded.

"when the reviewing court is left with a definite and firm conviction that an error occurred." *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012) (quotation marks and citation omitted). A trial court's restitution order is reviewed for an abuse of discretion. *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Pinkney*, 316 Mich App 450, 474; 891 NW2d 891 (2016) (quotation marks and citation omitted). Questions of statutory interpretation are reviewed de novo. *Gubachy*, 272 Mich App at 708.

### B. ANALYSIS

In Michigan, a crime victim has a constitutional right to restitution. Const 1963, art 1, § 24. The right to restitution is further set forth in both § 16 of the Crime Victim's Rights Act, MCL 780.766, and in the general restitution statute, MCL 769.1a. Both statutes define "victim" as "an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission" of a crime. MCL 780.766(1); MCL 769.1a(1)(b). Further, both statutes provide that a sentencing court must order a defendant convicted of a crime to "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction[.]" MCL 780.766(2); MCL 769.1a(2). Our Supreme Court has defined the term "full restitution" to mean "restitution that is complete and maximal." *Garrison*, 495 Mich at 365.

The trial court awarded restitution under Subsection 4(c) of MCL 780.766, which provides:

If a crime results in physical or psychological injury to a victim, the order of restitution shall require that the defendant do 1 or more of the following, as applicable:

\* \* \*

(c) Reimburse the victim or the victim's estate for after-tax income loss suffered by the victim as a result of the crime.[4]

Turn argues that because the Crime Victim's Rights Act does not expressly indicate that restitution is available for a victim's use of accumulated sick, personal, and vacation time, Scramlin was not entitled to restitution for his lost time. However, Subsections (3) through (5) of MCL 780.766 enumerate a nonexhaustive list of types of restitution available under Michigan law. *Garrison*, 495 Mich at 368-370. Accordingly, the fact that the loss of accumulated sick, personal, and vacation time is not expressly listed is not dispositive. See *id.* at 368-370, 374 (ordering restitution for a crime victim's travel expenses even though travel expenses are not expressly listed in MCL 780.766(3) or MCL 769.1a).

Moreover, the time Scramlin used to recuperate from his injuries falls within the definition of "income loss" even though he was paid by his employer for the time he used. This Court has interpreted the word "income" as used in the Crime Victim's Rights Act to mean " '[t]he return in money from one's business, labor, or capital invested; gains, profits, salary, wages,

---

[4] Using substantially similar language, the general restitution statute also provides that "[i]f a felony, misdemeanor, or ordinance violation results in physical or psychological injury to a victim, the order of restitution may require that the defendant . . . [r]eimburse the victim . . . for after-tax income loss suffered by the victim as a result of the felony, misdemeanor, or ordinance violation." MCL 769.1a(4)(c).

etc.' " *People v Corbin*, 312 Mich App 352, 371; 880 NW2d 2 (2015), quoting *Black's Law Dictionary* (6th ed) (alteration in original). Scramlin earned his accumulated sick, personal, and vacation time by working, and he was entitled to receive monetary compensation from his employer for any unused time. By using 112 hours of accumulated leave time, Scramlin lost the ability to use that paid leave time in the future, and he lost the opportunity to be paid for that time upon termination of his employment. Therefore, when Scramlin used his accumulated leave time, he suffered a monetary loss.

Likewise, the restitution order does not entitle Scramlin to be paid twice for the same time because, although Scramlin's employer paid him the wages he would have earned if he had returned to work and had not used his accumulated time, Scramlin was not compensated by his employer for the loss of his accumulated leave time even though that time had monetary value.

The trial court did not abuse its discretion by awarding Scramlin restitution for income lost as a result of Turn's actions.

Affirmed.

SAAD, P.J., and JANSEN and M. J. KELLY, JJ., concurred.